UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MILTON STANCIEL,

       Plaintiff,

                                              Civil Case No. 11-11512
v.                                             Honorable Patrick J. Duggan

JOHN E. POTTER,

       Defendant.
_____/


**<u>OPINION AND ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED
COMPLAINT</u>**

On April 8, 2011, Milton Stanciel ("Plaintiff"), a former United States Postal Service employee, filed this action alleging employment discrimination based on sex and disability. In an amended complaint filed June 19, 2012, Plaintiff asserts the following claims against Defendant: (I) disability discrimination under the Rehabilitation Act of 1973; (II) disability discrimination under the Michigan Persons With Disabilities Civil Rights Act; (III) a violation of his procedural due process rights under 42 U.S.C. § 1983; (IV) a substantive due process violation under 42 U.S.C. § 1983; (V) sex discrimination under Title VII of the Civil Rights Act of 1964; and (VI) sex discrimination in violation of the Michigan Elliott-Larsen Civil Rights Act. Presently before the Court is Defendant's Motion to Dismiss Plaintiff's First Amended Complaint, filed pursuant to Federal Rule of Civil Procedure 12(b)(6) on July 5, 2012. The motion has been fully briefed and the Court held a motion hearing on September 12, 2012. For the reasons that

follow, the Court grants in part and denies in part Defendant's motion.

## I. Defendant's Arguments and Plaintiff's Response

Defendant seeks to dismiss Plaintiff's Title VII and Rehabilitation Act claims, Counts I and V, respectively, based on Plaintiff's failure to exhaust his administrative remedies. Defendant argues that Plaintiff's state law discrimination claims, Counts II and VI, are preempted by federal law. Lastly, Defendant argues that Plaintiff's § 1983 claims, Counts III and IV, are subject to dismissal because the statute applies to state, and not federal, officials.

In response to Defendant's motion, Plaintiff addresses only whether he exhausted his administrative remedies with respect to Counts I and V of his First Amended Complaint. Plaintiff fails to respond to Defendant's arguments for dismissal of his remaining claims. At the motion hearing, Plaintiff indicated that he in fact is abandoning those claims. Thus the Court is granting Defendant's motion to dismiss Counts II-IV and VI of Plaintiff's First Amended Complaint.

## II. Standard for Motion to Dismiss

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or

"a formulaic recitation of the elements of a cause of action . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 555, 570, 127 S. Ct. 1955, 1964-65, 1974 (2007). A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, – , 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct at 1966).

As the Supreme Court provided in *Iqbal* and *Twombly*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965.

In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Id*.; *see also Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007). This presumption, however, is not applicable to legal conclusions. *Iqbal*, 129 S. Ct. at 1949. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965-65).

Generally, when ruling on a motion to dismiss, the Court may not consider

materials beyond the complaint without converting the motion to one for summary judgment under Federal Rule of Civil Procedure 56. *See* Fed. R. Civ. P. 12(d). However, the Court can consider materials beyond the complaint on a Rule 12(b)(6) motion if such materials are public records, matters of which a court may take judicial notice, or letter decisions of governmental agencies. *See Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999), abrogated on other grounds in *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 122 S. Ct. 992 (2002). A Court also may consider documents referenced in the plaintiff's complaint and central to the plaintiff's claim(s), even if not attached to the complaint. *City of Monroe Employees Ret. Sys. v. Bridgestone Corp.*, 399 F.3d 651, 659 n.6 (6th Cir. 2005) (citing *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997)); *see also Amini v. Oberlin Coll.*, 259 F.3d 493, 503 (6th Cir. 2001) (indicating that the plaintiff's EEO charge, the filing of which was a precondition to bringing the lawsuit, was central to his discrimination claims and could be considered on a motion to dismiss).

## III.   Factual and Procedural Background

Plaintiff began working for the United States Postal Service ("USPS") as a mail handler on or about January 1, 1991. (Am. Compl. ¶ 8.) Plaintiff suffers from a mental impairment. (*Id.* ¶ 11.) Because of this impairment, Plaintiff was hired via a special hiring process which excused him from the standard postal service exams to determine literacy or ability to serve as an employee. (*Id.*) As an USPS employee, Plaintiff was a member of the National Postal Mail Handlers Union, Local 307 ("union"). (*Id.* ¶ 14.)

On September 22, 2009, Plaintiff was issued a notice of removal due to irregular

attendance. (*Id.* ¶ 26.) On September 26, 2009, Plaintiff was admitted to an in-patient rehabilitation treatment program for alcoholism. (*Id.* ¶ 28.) On October 8, 2009, Plaintiff returned to work after successfully completing the treatment program. (*Id.* ¶ 29.) Pursuant to the notice of removal, his employment was terminated on October 30, 2009. (*Id.* ¶ 30.)

On November 12, 2009, Plaintiff contacted an Equal Employment Opportunity ("EEO") counselor alleging discrimination in connection with his removal. (Def.'s Mot. Ex. 101.) The claim of discrimination was assigned EEO Case No. 1J-484-0002-10 ("EEO Case No. 0002"). (*Id.*) Plaintiff authorized union advocate Glen Berrien to represent him with respect to his discrimination complaint. (*Id.*) On December 10, 2009, USPS sent Plaintiff a "Notice of Right to File," which informed Plaintiff that he had to file a formal discrimination complaint with the USPS within 15 days or, if filed later, it would be dismissed pursuant to 29 C.F.R. Part 1614.107. (*Id.* Ex. 102.) Mr. Berrien was copied on the notice. (*Id.*) Plaintiff did not file a formal complaint in that time period. (*Id.* Ex. 103 at 2.)

On April 6, 2010, Plaintiff again contacted the EEO counselor to initiate counseling concerning the September 22, 2009 removal notice. (*Id.* Ex. 104.) The claim was assigned EEO Case No. 1J-484-0011-10 ("EEO Case No. 0011"). (*Id.*) Plaintiff filed a formal discrimination complaint regarding EEO Case No. 0011 with USPS on July 16, 2010. (*Id.* Ex. 105.) The USPS dismissed the complaint on July 28, 2010. (*Id.* Ex. 103 at 1.)

Plaintiff appealed the USPS' decision in EEO Case No. 011, but it was upheld by the U.S. Equal Employment Opportunity Commission ("EEOC") on February 9, 2011. (*Id.*) On that date, the EEOC sent Plaintiff a right to sue letter. (Pl.'s Am. Compl. ¶ 33.) As indicated previously, he filed the present action on April 8, 2011.

**IV.   Applicable Law and Analysis**

The right to bring an action under Title VII or the Rehabilitation Act is predicated upon "rigorous administrative exhaustion requirements and time limitations." *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 833, 96 S. Ct. 1961, 1968 (1976) (indicating that compliance with administrative exhaustion requirements is a precondition to filing a federal employment discrimination lawsuit under Title VII); *Smith v. United States Postal Service*, 742 F.2d 257, 262 (6th Cir. 1984) ("Congress intended to require persons complaining of handicap discrimination in employment to exhaust administrative remedies before availing themselves of judicial remedies under the Rehabilitation Act.").

EEOC regulations set forth the specific procedures a federal employee must follow to make a claim of discrimination and/or retaliation in violation of Tile VII and/or the Rehabilitation Act. *See* 29 C.F.R. § 1614.103(a). First, the employee must seek informal EEO counseling within 45-days of the "matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." 29 C.F.R. § 1614.105(a)(1). Failure to timely seek EEO counseling is grounds for dismissal of the plaintiff's discrimination claim(s). *Hunter v. Sec'y of U.S. Army*, 565 F.3d 986, 993 (6th Cir. 2009) (citing *Benford v. Frank*, 943 F.2d 609, 612 (6th Cir. 1991)).

If the federal employee contacts an EEO counselor within 45 days and the matter is not resolved, the employee must then file a formal discrimination complaint with the "agency that allegedly discriminated against the complainant" within 15 days of receiving notice of their right to do so. 29 C.F.R. §§ 1614.106(a) & (b). Failure to timely file a formal EEO complaint with the agency also warrants dismissal of a subsequent lawsuit. *King v. Henderson*, No. 99-1800, 2000 WL 1478360, at *1, 4 (6th Cir. Sept. 27, 2000); *see also Waters v. Runyon*, No. 94-5299, 1994 WL 573924, at *1 (6th Cir. Oct. 17, 1994); *Lockett v. Potter*, 259 F. App'x 784, 786 (6th Cir. 2008) (identifying the timely filing of a complaint with the agency as one precondition for filing a lawsuit in federal court).

While Plaintiff timely contacted an EEO counselor on November 12, 2009 regarding his September 22, 2009 notice of removal, he failed to file a formal discrimination complaint with the USPS within 15 days of receiving notice of his right to do so. Plaintiff contacted an EEO counselor a second time and thereafter filed a timely formal complaint; however, his contact with the EEO counselor was untimely. Plaintiff does not dispute the untimeliness of his actions to exhaust his administrative remedies with respect to the September 22, 2009 removal notice and that the failure to timely exhaust administrative remedies is an affirmative defense.[1] (Pl.'s Resp. Br. at 7.)

---

[1] In his response brief, Plaintiff argues that he timely exhausted his administrative remedies after learning in March 2010 that he had been removed from USPS' rolls. (Pl.'s Resp. Br. at 10-11; Ex. 2 ¶ 32.) The USPS waits to remove a terminated employee from its rolls until the employee exhausts his or her administrative remedies. (*See* Def.'s Reply Br. at 4.) Thus the removal of Plaintiff from USPS' rolls was not a discrete injury from his earlier removal. Plaintiff, in fact, did not identify his removal from the rolls as a

7

Plaintiff argues, however, that equitable tolling should apply because of his mental disability or Defendant's "trickery."

The Supreme Court has found equitable tolling applicable to suits against the United States. *Irwin v. Dep't of Veteran Affairs*, 498 U.S. 89, 95-96, 111 S. Ct. 453, 457 (1990). In *Irwin*, the Court identified two situations where equitable tolling may apply: "in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing dealing to pass." *Id.* at 96, 111 S. Ct. at 457-58. While the Court has acknowledged that tolling might be appropriate in other cases, *see Young v. United States*, 535 U.S. 43, 50, 122 S. Ct. 1036 (2002), it also has cautioned that federal courts have "typically extended equitable relief only sparingly." *Irwin*, 498 U.S. at 96, 111 S. Ct. at 457; *see also Earnhardt v. Puerto Rico*, 691 F.2d 69, 71 (1st Cir. 1982) (indicating that the federal courts "have taken a uniformly narrow view of equitable exceptions to Title VII limitations periods."). Most Circuits, including the Sixth Circuit, have allowed equitable tolling based on the plaintiff's mental illness. *See, e.g., Barrett v. Principi*, 363 F.3d 1316, 1319-21 (Fed. Cir. 2004) (collecting cases); *see also Cantrell v. Knoxville Cmty. Dev. Corp.*, 60 F.3d 1177, 1180 (6th Cir. 1995).

A plaintiff invoking the doctrine of equitable tolling bears the burden of

---

discriminatory act in his administrative grievance or in the complaints he has filed here.

demonstrating that the doctrine should apply in his or her case. *See Kellum v. Comm'r of Soc. Security*, 295 F. App'x 47, 49 (6th Cir. 2008); *see also, Jessie v. Potter*, 516 F.3d 709, 715 (8th Cir. 2008); *Hardy v. Potter*, 191 F. Supp. 2d 873, 879 (E.D. Mich. 2002) (citing *Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir. 2000)). To warrant equitable tolling, a plaintiff must do more than show that he or she suffers from a disability. *Nunnally v. MacCausland*, 996 F.2d 1, 5 (1st Cir. 1993) (indicating that cases applying equitable tolling based on mental illness "eschew reliance solely on a diagnosis"). The plaintiff must show that a mental disability interfered with his or her compliance with the deadline sought to be tolled. *See, e.g., Boos*, 201 F.3d at 185 (finding the plaintiff's conclusory and vague claim that she suffers from "paranoia, panic attacks, and depression" insufficient to invoke equitable tolling, "without a particularized description of how her condition adversely affected her capacity to function generally or in relationship to the pursuit of her rights"); *Smith-Haynie v. District of Columbia*, 155 F.3d 575, 580 (D.C. Cir. 1998) (indicating that to warrant equitable tolling, the plaintiff's disability "must be 'of such a nature as to show she is unable to manager her business affairs or estate, or to comprehend her legal rights or liabilities."); *Miller v. Runyon*, 77 F.3d 189, 191 (7th Cir. 1996) (recognizing equitable tolling based on the plaintiff's mental illness "only if the illness in fact prevents the sufferer from managing his affairs and thus from understanding his legal rights and acting upon them."); *Nunnally*, 996 F.2d at 5 (stating that "[e]quitable relief is denied if the plaintiff was able to engage in rational thought and deliberate decision making sufficient to pursue his claim alone or through counsel."); *see also*

*Barrett*, 363 F.3d at 1321 (adopting *Nunnally*'s standard to assess whether the plaintiff's mental incompetence warrants tolling).

In his affidavit submitted in response to Defendant's motion, Plaintiff demonstrates that his mental disability interfered with his ability to comply with the requirements to exhaust his administrative remedies.[2] As such, the Court concludes that his failure to file a formal complaint with USPS within 15 days of receiving notice of his right to do so does not justify the dismissal of his Title VII and Rehabilitation Act claims (Counts I and V).

## V.    Conclusion

There is merit to Defendant's arguments of support of the Court's dismissal of Counts II-IV and VI of Plaintiff's First Amended Complaint. In response to Defendant's motion to dismiss, Plaintiff in fact has abandoned those claims. However, the Court concludes that Plaintiff's Title VII and Rehabilitation Act claims, Counts I and IV, are not subject to dismissal because Plaintiff failed to properly exhaust his administrative remedies.

Accordingly,

---

[2]As another basis for equitable tolling, Plaintiff asserts that he was the "victim of trickery." (Pl.'s Resp. Br. at 9.) "Equitable tolling has been applied where . . . the claimant has been induced or tricked by the defendant's misconduct into allowing the filing deadline to pass." *Aslani v. Sparrow Health Sys.*, No. 1:08–cv–298, 2009 WL 3711602, at *8 (W.D. Mich. Nov. 3, 2009) (citing *Mazumder v. Univ. of Michigan Regents*, 270 Mich. App. 42, 715 N.W.2d 96, 99 (2006), rev'd in part on other grounds, 480 Mich. 1045, 743 N.W.2d 889 (2008). Plaintiff, however, fails to show that he was tricked in any way (much less by Defendant).

**IT IS ORDERED**, that Defendant's Motion to Dismiss Plaintiff's First Amended Complaint is **GRANTED IN PART AND DENIED IN PART** in that Counts II-IV and VI of Plaintiff's First Amended Complaint, only, are **DISMISSED WITH PREJUDICE**.

Dated: October 1, 2012                    s/PATRICK J. DUGGAN
                                          UNITED STATES DISTRICT JUDGE

Copies to:
Felicia Duncan Brock, Esq.
Jan M. Geht, Esq.